**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | | |
|---|---|---|---|
| **PETER STEVEN BEELER, JR.,** | **)** | | |
| | **)** | | |
| **Plaintiff,** | **)** | | |
| | **)** | | |
| **v.** | **)** | **No. 3:24-cv-00643** | |
| | **)** | | |
| **STATE OF TENNESSEE,** *et al.,* | **)** | **JUDGE CAMPBELL** | |
| | **)** | **MAGISTRATE JUDGE NEWBERN** | |
| **Defendants.** | **)** | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Peter Beeler, Jr., filed a pro se complaint alleging violations of his civil rights.

(Doc. No. 1). Plaintiff filed the case while in custody of the Wilson County Sheriff's Office, but

he has since been released from custody. Plaintiff's complaint is before the court for initial review

pursuant to 28 U.S.C. § 1915(e)(2).

**I.   PLRA SCREENING STANDARD**

The complaint as amended is before the court for an initial review pursuant to the Prison

Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2).

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint

filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or

seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly

requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b). [1]

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009); 42 U.S.C. § 1983.

---

[1] Although Plaintiff is no longer incarcerated, his complaint remains subject to initial review under Section 1915A. *See Burley v. Weller*, No. 1:22-cv-628, 2023 WL 21435, at *1 n.1 (W.D. Mich. Jan. 3, 2023) (citing *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1282 (9th Cir. 2017). Initial review is also required by 28 U.S.C. § 1915(e)(2) because Plaintiff is proceeding *in forma pauperis.*

2

### III. FACTS ALLEGED IN THE COMPLAINT

Plaintiff names five Defendants: (1) the State of Tennessee; (2) Davidson County Judge Steven R. Dozier; (3) Wilson County Judge Collins; (4) "Well Path"; and (5) Wilson County Judge Lea. (Doc. No. 1 at 1−3). He sues the judges in their official capacities only. (*Id.* at 2−3).

Plaintiff alleges that he has been kidnapped. (*Id.* at 5). According to Plaintiff, Judge Dozier denied him bond for nine months and served him a fake, unsigned indictment. (*Id.*) Judge Collins denied him bond for four months. (*Id.*) Judge Lea denied him bond on April 2, 2024. (*Id.*) Plaintiff believes that the judges' actions are retaliation for his prior lawsuit against "Metro/etc." (*Id.*) Plaintiff's incarceration has contributed to his post-traumatic stress disorder, and Well Path has treated him with neglect. (*Id.*)

Plaintiff seeks compensatory and punitive damages. (*Id.*)

### IV. ANALYSIS

Applying the screening and Section 1983 standards above, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff sues Judge Dozier, Judge Collins, and Judge Lea in their official capacities only. (Doc. No. 1 at 2−3). An official capacity suit is, in all respects other than the name, to be treated as a suit against the entity. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009).

Plaintiff has not alleged sufficient facts to determine whether each judge is a state or county official. As a matter of Tennessee law, "criminal court judges, circuit court judges, and chancellors are state officials." *Jordan v. Knox County*, 213 S.W. 3d 751, 783 (Tenn. 2007) (citing Tenn. Code Ann. § 17-1-203). In contrast, general sessions judges are county offices. *Id.* (citing Tenn. Code Ann. § 5-1-204(f)(1). The Court need not determine whether Defendants are state officials, county

3

officials, or some mix of both, because no matter their status, Plaintiff has failed to state a viable Section 1983 claim against any of them.

If any judicial Defendant is a state official, then that Defendant is not a "person" who is subject to suit under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Haddad v. Gregg*, 910 F.3d 237, 243 (6th Cir. 2018) (same). Accordingly, Plaintiff has failed to state a viable Section 1983 claim against any state official in their official capacity. Likewise, he has failed to state a viable Section 1983 claim against the State of Tennessee.

If Judge Dozier is a county official, then Plaintiff's claim against Judge Dozier is functionally a claim against Davidson County. (*See* Doc. No. 1 at 2). Similarly, if Judge Collins and Judge Lea are county officials, then Plaintiff's claims against them are functionally claims against Wilson County. (*See id.* at 2−3). To state a viable Section 1983 claim against a county defendant, Plaintiff must allege that "action pursuant to official [county] policy caused their injury. Official [county] policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60−61 (2011) (citation omitted); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). Plaintiff makes no such allegation here. Instead, he alleges only individual actions by individual judges. He therefore has failed to state a viable Section 1983 official-capacity claim against any county official.

Finally, Plaintiff has failed to allege a viable claim against Well Path, which Plaintiff identifies as the medical contractor for the Wilson County Sheriff's Office. (Doc. No. 1 at 3).

4

The same standards governing Section 1983 claims against municipalities apply to claims against private entities acting under color of state law. *Rudd v. City of Norton Shores, Michigan*, 977 F.3d 503, 520 (6th Cir. 2020). Thus, to state a Section 1983 viable claim against Well Path, Plaintiff must allege that some Well Path policy or widespread practice caused his constitutional injury. *Connick*, 563 U.S. at 60−61. He makes no such allegation in the complaint, so he has failed to state a Section 1983 claim upon which relief may be granted.

Because Plaintiff has failed to allege a viable Section 1983 claim against any Defendant, his complaint will be dismissed.

## V. CONCLUSION

All of Plaintiff's claims, and therefore his complaint, are **DISMISSED** for failure to state a claim under Section 1983 upon which relief may be granted.

Plaintiff's Motion to Appoint Counsel (Doc. No. 12) is **DENIED** as moot.

This Order resolves all claims in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

Any appeal from this Order would not be taken in good faith, because Plaintiff has no objectively reasonable argument that his claims were improperly dismissed. *See* Fed. R. App. P. 24(a)(3)(A).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5